J-S71042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ERIC N. JACKSON, JR. | |
| Appellant | No. 507 EDA 2016 |

Appeal from the Judgment of Sentence October 28, 2015
in the Court of Common Pleas of Delaware County Criminal Division
at No(s): CP-23-CR-0001065-2015

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:            **FILED OCTOBER 28, 2016**

Appellant, Eric N. Jackson, Jr., appeals from the judgment of sentence entered after a jury trial and convictions for driving under the influence of a controlled substance.[1] He challenges the sufficiency of evidence. We affirm.

We adopt the facts and procedural history set forth by the trial court's opinion. *See* Trial Ct. Op., 3/18/16, at 1-2. Appellant filed a successful appeal *nunc pro tunc* and a timely, court-ordered Pa.R.A.P. 1925(b) statement. Appellant contends that the Commonwealth required more than the odor of fresh, burnt marijuana in Appellant's vehicle and Appellant's bloodshot eyes to convict him. He notes that the Commonwealth did not (1) recover any drugs or paraphernalia, (2) conduct any field sobriety tests, (3)

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(2).

solicit testimony that he was uncoordinated or unable to follow instructions, and (4) introduce any evidence that he was unable to drive his vehicle safely. Appellant's Brief at 7-8.

Section 3802(d)(2) states in pertinent part:

> **(d) Controlled substances.—**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> \* \* \*
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d)(2).

"A claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000).

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict. . . .
>
> \* \* \*
>
> When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt. . . .

***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1235-37 (Pa. 2007) (citations and quotation marks omitted).

After careful consideration of the parties' briefs, the record, and the decision of the trial court, we affirm on the basis of the trial court's decision. ***See*** Trial Ct. Op. at 3-5 (summarizing evidence as follows: (1) police smelled odor of fresh, burnt marijuana from passenger side of Appellant's vehicle although passenger window was closed; (2) Appellant spoke slowly and sluggishly and had bloodshot eyes; and (3) after the police signaled him to pull over, Appellant slowly drove his vehicle and stopped in between the travel lane and the shoulder). Accordingly, after viewing the record in the Commonwealth's favor, ***see Ratsamy*** 934 A.2d at 1235-37, we discern no error of law and affirm the judgment of sentence. ***See Widmer***, 744 A.2d at 751.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2016

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION**


| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | **CP-23-CR-1065-2015** |
| | : | |
| **vs.** | : | |
| | : | |
| **ERIC NATHANIEL JACKSON** | : | |
| | : | |


**A. Sheldon Kovach, Esquire, on behalf of the Commonwealth**
**Daniel J. Donohue, Esquire, on behalf of the Defendant**


# OPINION

Bradley, J.                                        FILED: 3/18/16

Defendant, Eric Jackson, was found guilty of driving under the influence of a controlled substance[1], after a jury trial[2]. He was sentenced to a term of fifteen to thirty months of incarceration and two consecutive years of probation on October 28, 2015. A post sentence motion for judgment of acquittal challenging the sufficiency and weight of the evidence was filed by trial counsel on November 4, 2015. On November 5, 2015 trial counsel moved to withdraw her appearance and for the appointment of new counsel. Trial counsel was granted leave to withdraw and new counsel was appointed on November 23, 2015. On the same day Defendant's post-sentence motion was denied.

---

[1] 75 Pa.C.S.A. § 3802(d)(2)
[2] Defendant was charged with firearms not to be carried without a license (18 Pa.C.S.A. §6106(A)(1) and possession of a firearm by a prohibited person (18 Pa.C.S.A. § 6105)) The jury returned "not guilty" verdicts as to these two charges.

1



New counsel was not served with the Order denying the post-sentence motion. However, on December 21, 2015 a Notice of Appeal from the judgment of sentence entered on October 28, 2015 was filed. The appeal was docketed at 44 EDA 2016. The appeal was withdrawn when new counsel realized that the failure of service had occurred and that the Notice of Appeal from the October 28, 2015 was untimely. Counsel then sought leave to file an appeal *nunc pro tunc* based on those extraordinary circumstances and the trial court granted the motion without objection from the Commonwealth. On February 5, 2016 counsel filed the Notice of Appeal that brings this matter before the Superior Court. Defendant was Ordered to file a Concise Statement of Errors Complained of on Appeal and in his timely response Defendant challenges the sufficiency of the evidence supporting his conviction. Specifically, Defendant claims that the Commonwealth's evidence failed to prove beyond a reasonable doubt that he consumed a drug before driving and that he was under the influence to a degree that impaired his ability to safely drive.

When considering a challenge to the sufficiency of the evidence;

> [the court] must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be

2

resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

Commonwealth v. Tarrach, 42 A.3d 342, 345 (Pa. Super. 2012) *citing* Commonwealth v. Mobley, 14 A.3d 887, 889–90 (Pa.Super.2011) (*quoting* Commonwealth v. Mollett, 5 A.3d 291, 313 (Pa.Super. 2010). Defendant was found guilty of 75 Pa.C.S.A. § 3802(d)(2), which states: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances: * * *2 (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle. Id. at 345.

The evidence adduced at trial, viewed in the light most favorable to the Commonwealth follows. During the afternoon of December 17, 2014 Officers John Benozich and Matthew Goldschmidt of the City of Chester Police Department were conducting "bar checks" in the City of Chester. Officer Benozich is a member of the Narcotics, Vice and Violent Crime Task Force. N.T. 10/16/15 pp. 47-57. The officers were checking bars for underage drinkers and parole and probation violators.   While traveling in an unmarked vehicle the officers saw a silver Monte Carlo turn abruptly onto West 5th Street in Chester. The vehicle was traveling at a high rate of speed given the speed limit of 15 or 25 mph. The officers followed the Monte Carlo at a high rate of speed, at times losing sight of the vehicle as it traveled through the neighborhood, making several turns and finally turning left onto 2nd Street without signaling. N.T. 11/19/15 pp. 16-22. The emergency lights and "chirping" function of the siren in the patrol vehicle were activated in an effort to stop the Monte Carlo

3

at this point. Id. at 22. See also N.T. 10/16/16 pp. 59-65. The Monte Carlo made an additional right turn and after a "slow roll" halfway in the travel lane and halfway in the parking lane or shoulder it came to a stop straddling the two lanes. N.T. 10/19/15 pp. 23-24. The officers exited their vehicle and approached the Monte Carlo. Officer Benozich approached the passenger side. Although the vehicle's passenger-side window was closed he detected a strong and immediately identifiable odor of burnt marijuana. N.T. 10/16/15 pp. 74-75, 115-16. Similarly, Officer Goldschmidt immediately detected the strong odor of burnt marijuana emanating from the vehicle. N.T. 10/19/15 p. 31. Defendant, Eric Jackson, was the only occupant of the vehicle. In the course of obtaining identification from the Defendant Officer Goldschmidt also observed that Defendant's speech was slow and sluggish, his eyes were bloodshot and he was unusually "laid back" and "lackadaisical." Id. at 33. Defendant was driving without a valid license and repeatedly asked why he had been pulled over.

After the stop, additional officers who had also been engaged in the "bar check" arrived and a search of the Monte Carlo uncovered a Model 23 Glock .40 caliber firearm in a hidden compartment that was behind the vehicle's dashboard. See N.T. 10/19/15 p. 157-58. The Defendant was arrested. He refused the request to submit to a blood test that was made after Implied Consent warnings were read to him at the police station. Id. at 125.

Because the Defendant refused the request for a blood draw evidence of the components or metabolites of marijuana could not be secured via testing. However, Defendant's refusal when considered along with totality of the circumstantial evidence gleaned from the officers' observations demonstrated beyond a reasonable doubt that the Defendant was under the influence of marijuana. Although the passenger-side window was

4

closed Officer Benozich detected the strong odor of burnt marijuana emanating from the vehicle immediately upon his approach. Likewise, Officer Goldschmidt testified that he too smelled "burnt" marijuana. Captain John Gretsky, who came upon the scene and searched the vehicle also testified that he was familiar with the odor of "stale" marijuana smoke and that the odor he detected was of freshly burned marijuana. See N.T. 10/19/15 pp. 151-52. Additional observations by Officer Goldschmidt include Defendant's slow and sluggish speech, bloodshot eyes and "lid back" and "lackadaisical" demeanor. From these circumstances the jury could rightfully conclude that the Defendant has ingested marijuana recently in the Monte Carlo. See generally Commonwealth v. Griffith, 32 A.3d 1231, 1239 (Pa. 2011) (Section 3002(d)(2) does not limit manner by which the Commonwealth is required to prove that the defendant was under the influence of a drug).

When these facts are considered along with the Defendant's "slow roll" where he traveled a distance straddling the travel lane and the parking/shoulder lane of a narrow two-way street before bringing his vehicle to a stop in both lanes it is evident that Defendant was incapable of safe driving. Residences and businesses are located on narrow streets with parking on both sides. N.T. 10/19/15 pp. 55 68, 91. Defendant's slow response in stopping, the location he chose when he finally did stop and his behavior thereafter, when considered together support the conclusion that he was incapable of safe driving.

BY THE COURT:

_____
James P. Bradley,                         J.

FILED
2015 MAR 18 AM 10: 48
JUDICIAL SUPPORT
DELAWARE

5